[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter came before the court on September 9, 2002 Special Proceedings Calendar. After discussion, the parties and the court agreed that the issues to be determined were raised in plaintiff's motion to enforce a partial settlement agreement.
The controversy between the parties involves the construction of a new residence by the Bingles on their property located at 49 North Wilton Road in New Canaan and the claimed deleterious effects of such construction on the adjoining residential property owned by Mazza at 39 North Wilton Road.
The purported agreement was announced in court on June 25, 2002 in connection with Mazza's pending motion for a temporary injunction. On that day, counsel for the plaintiffs stated:
 "And the defendants have agreed that they will install a berm, plant trees along the property line, as well as construct a swale, pursuant to the existing site plan for the property, by August 1st."
Court Exhibit 1 (Transcript of June 25, 2002 proceedings) p. 6. Subsequently, counsel for the Bingles stated:
 "Completion of a berm and a swale on the property that is shown on the site plan that is in the Town Zoning Department. And that the trees, there are certain evergreen trees that are called for to be planted, will be done by August 1st, along with the berm and the swale. If that is done, then the plaintiff is not going to pursue the application for injunctive relief."
CT Page 11496
Id.
According to the testimony on September 9, the statements made in court on June 25, 2002 were preceded by considerable discussions and negotiations among counsel and the plaintiff Mazza which revolved in part around the approved site plan for the development of the Bingles property.
According to the site plan entered into evidence on September 9, as Exhibits 3 and 4[1] the defendants were to plant a number of evergreens on the Bingle property which evidently were to provide a visual screen between the Bingle and Mazza residences. In addition, a certain number of pear trees were to be planted along the Bingle driveway which extends westward to North Wilton Road and is parallel to, and just north of, the Mazza driveway. Additionally, the site plan called for construction of a berm and swale on the Bingle property designed to divert run-off water away from the Mazza property.
After evaluating the testimony given on September 9, 2002, and reviewing the statements made on the record on June 25, 2002, the court concludes there was a valid and enforceable agreement between the parties as to the evergreen trees and the berm and swale. However, the evidence persuades the court that there was not a meeting of the minds with respect to the timing of the planting of the pear trees. The statement of plaintiff's counsel could refer to all trees depicted on the site plan being planted by August 1, 2002, but the following statement of counsel for the Bingles refers only to the evergreen trees. Mr. Mazza does not recall that the pear trees were excepted from the August 1 date. However, the defendants have offered reasons why the pear trees were not, in their view, included in the agreement and why, in fact, they have not been planted yet. These reasons are more than pretextual, ranging from dry weather conditions to the fact that existing power lines and anticipated heavy use of the driveway to cart away demolition debris make the planting unwise at this time.
The court holds that the June 25, 2002 agreement covered only the evergreen planting and the swale and berm being completed by August 1, 2002. After review of the site plan and a short visit to the site itself on September 9 (in the company of counsel and parties), the court finds that the June 25 agreement has been breached in the following respect. The site plan clearly shows that the evergreen tree screen was to extend west along the line between the two properties to a point at or slightly beyond where the north-south boundary line of most of the western edge of the Bingle property arcs westward to meet the east-west line marking the north side of the driveway area of the Bingle property. This has not been CT Page 11497 accomplished even though over 25 evergreen trees have been planted. The resulting gap in the screen of approximately twenty feet is not in conformance with the site plan, or the agreement. Given the existing spacing between the evergreens, the court estimates that two additional trees would result in compliance. The court does not find that this breach was intentional. See Exhibit D (indicating, as of August 5, 2002 that the town planner and zoning inspector considered that the evergreens met the site plan specifications.)
The defendants contend that the berm and swale have been constructed although it is longer, and the defendants claim, more effective than depicted on the site plan. The plaintiffs disagree. At the site, the court observed what appears to be more berm than swale. Nevertheless, the construction appears to have met the rigors of the wetlands regulations and there is not enough information for the court to determine that it is not in compliance with the agreement.
The defendants are ordered to comply with the agreement as set forth above.
ADAMS, J.